Benjamin F. James, Toledo, for plaintiffs in error.

Solon T. Klotz, Toledo, for defendant in error.

## RUSSELL v
## CITIZENS SAVINGS BANK CO
## BURGOON et v
## CITIZENS SAVINGS BANK CO

Ohio Appeals, 6th Dist, Wood Co

Nos 545 & 546. Decided Nov 13, 1933

## OPINION

### By WILLIAMS, J.

There were approximately 1,300 depositors when the bank closed and the court below found that 98% of the depositors, representing "more than 98% of the amount of the deposits in said bank" have signed the plan for reorganization and the court also found that $35,000.00 in new capital is in the hands of the directors of the bank with which to reopen the bank and transact business. It is conceded by counsel for plaintiffs in error, in his brief, that $6,121.00 has been set aside and placed in the name of three trustees to meet the payment of the amount due the dissenting depositors in case the court finds their claims correct. The brief of counsel for plaintiff in error also states, in substance, that in view of the fact that this money is in the hands of trustees, that the dissenting depositors should have their money, and that the proceedings in error are urged so that the fund may now be distributed.

In an additional brief submitted by counsel for the plaintiffs in error, the claim is made that §710-89, GC, is unconstitutional in so far as it permits resumption of business by a closed bank and asks for a reversal of the judgment of the court below.

This court has, without hesitation, reached the conclusion that in the instant case the plaintiffs in error have been deprived of no right, constitutional or otherwise. The Superintendent of Banks found that with the addition of the new capital, amounting to $35,000.00, the bank would be in a solvent condition. The plaintiffs in error, having signed no waiver, have behind their deposits not only the assets of the closed bank and all their original rights and remedies to secure repayment of their deposits, but have also the new capital. Moreover, they may assert the right of a depositor at any time and go to the bank and draw the money on deposit. We think the trial court committed no prejudicial error, but in view of the fact that the money is held for the payment of the depositors, the judgment of the court below will be affirmed upon condition that the plaintiffs in error be paid the amounts of their deposits within thirty days upon due presentation at the bank's place of doing business and compliance with the bank's requirements for the payments of deposits to depositors in like position. Judgment affirmed upon condition stated.

RICHARDS and LLOYD, JJ, concur.